```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```
FRANK GARCIA,

        *Petitioner*,

    -*against*-

DARWIN LACLAIR,

        *Respondent*.

**Order**

20-CV-4259(KAM)

```
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

        Frank Garcia ("Mr. Garcia"), currently incarcerated at the Franklin Correctional Facility in Malone, New York, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 on August 13, 2020 in the United States District Court for the Northern District of New York, challenging his 2016 criminal conviction in New York Supreme Court for Queens County. (*See generally* ECF No. 1, Petition for a Writ of Habeas Corpus.) On September 11, 2020, the Northern District of New York transferred the action to this District. (ECF No. 7, Order.)

        On September 21, 2020, this court granted Mr. Garcia's motion for leave to proceed *in forma pauperis*, and entered an Order to Show Cause why the petition should not be dismissed for failure to comply with the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996. (*See generally* ECF No. 10, Order to Show Cause.) As

1

explained more fully in the Order to Show Cause, Mr. Garcia's judgment of conviction in New York state court became final on May 27, 2018,[1] and therefore his petition should have been filed within one year of that date, by May 27, 2019. (*See id.* at 3.) However, Mr. Garcia did not file the instant petition in the Northern District of New York until August 13, 2020. Thus, on its face, the petition appeared to be barred by the statutory one-year limitations period, unless there was reason for the court to toll the limitations period.

The court's September 21, 2020 Order to Show Cause "directed [Mr. Garcia] to show cause by written affirmation, within 60 days from the date of th[e] Order, why the instant petition should not be dismissed as time-barred." (*Id.* at 5.) Attached to the Order to Show Cause was a fillable form for Mr. Garcia to use as an affirmation. The Order to Show Cause and the fillable form were mailed by the Clerk of Court to Mr. Garcia at the Franklin Correctional Facility the day the Order was entered. According to publicly-available information, Mr.

---

[1] The New York Court of Appeals denied Mr. Garcia leave to appeal his conviction on February 26, 2018. (*See* Order to Show Cause at 3.) He then had 90 days to petition the United States Supreme Court for certiorari, but he did not. (*Id.*) Therefore, his judgment of conviction became final when his time to petition the United States Supreme Court expired, on May 27, 2018. (*Id.*)

2

Garcia has been and is still incarcerated at the Franklin Correctional Facility as of the date of this Order.[2]

Two and a half months have now passed since the Order to Show Cause was entered and mailed to Mr. Garcia, and the court has not received any response from him. Accordingly, the court will exercise its authority to dismiss the petition *sua sponte* as time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."); *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000) ("[T]he court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard."). Mr. Garcia has been given notice and an ample opportunity to respond, and he has not provided the court with any response as to why his petition should not be dismissed for failure to comply with the statute of limitations.

The Clerk of Court is directed to enter judgment dismissing the petition, mail a copy of this Order and the judgment to Mr. Garcia and note the mailing on the docket, and close this case. Mr. Garcia is denied a certificate of appealability, as he has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §

---

[2] *See* New York State Department of Corrections and Community Supervision Inmate Lookup, http://nysdoccslookup.doccs.ny.gov/.

2253(c)(2).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:    Brooklyn, New York
          December 10, 2020

                                            _____/s/_____
                                            Hon. Kiyo A. Matsumoto
                                            United States District Judge